1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS RENEE JACKSON,                    No.  2:15-cv-2158 AC (TEMP) P

12              Plaintiff,

13        v.                                   ORDER

14   TIMOTHY HOWARD DELGADO et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        For the reasons discussed herein, the undersigned will dismiss this action because

21   plaintiff's complaint fails to state a cognizable claim for relief.[1]

22                        **SCREENING REQUIREMENT**

23        The court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

25   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27   _____

28   [1]  Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. No. 4)

1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

2    U.S.C. § 1915A(b)(1) & (2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

5    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

9    Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

10       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

11    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>

13    <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

14    However, in order to survive dismissal for failure to state a claim a complaint must contain more

15    than "a formulaic recitation of the elements of a cause of action;" it must contain factual

16    allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>, 550

17    U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18    allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

19    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20    doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

21       The Civil Rights Act under which this action was filed provides as follows:

22         Every person who, under color of [state law] . . . subjects, or causes
         to be subjected, any citizen of the United States . . . to the
23        deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
24        law, suit in equity, or other proper proceeding for redress.

25    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

27    <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

28    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2    omits to perform an act which he is legally required to do that causes the deprivation of which

3    complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

4           Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

5    their employees under a theory of respondeat superior and, therefore, when a named defendant

6    holds a supervisorial position, the causal link between him and the claimed constitutional

7    violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

8    <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

9    concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

10   <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

11                                   **PLAINTIFF'S COMPLAINT**

12          In his complaint, plaintiff has identified California Deputy Attorney General Timothy

13   Delgado and California Department of Justice Legal Analyst Susan Gardner as the defendants in

14   this action.  Plaintiff alleges that the defendants improperly accessed his medical records during

15   the discovery phase of a separate civil rights action, which is pending in the Fresno Division of

16   this court.  <u>See</u> Case No. 1:13-cv-1679 SAB.[2]  In that civil rights action, plaintiff claims that

17   Correctional Officer Mendenhall used excessive force against him and injured his neck.  (<u>Id.</u>)

18          According to plaintiff's complaint in this civil rights action, Attorney Delgado asked

19   plaintiff during his deposition to name the pain medications he is on and specify what dosages he

20   takes.  Plaintiff alleges that he could not recall the name of one of his pain medications, but

21   Attorney Delgado told him that he could find the name in plaintiff's records.  Plaintiff maintains

22   that he did not release his medical records to defendants or the California Department of Justice,

23   or give authorization to his primary care physician or other prison officials to release his records.

24   Nevertheless, plaintiff alleges that defendants accessed his records.  In terms of relief in this civil

25   rights action, plaintiff requests declaratory relief and monetary damages.  (Compl. at 5-9 & Ex.

26   A.)

27   _____

28   [2]  "[A] court may take judicial notice of its own records in other cases."  <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

**DISCUSSION**

The undersigned will dismiss plaintiff's complaint for failure to state a cognizable claim for relief. First, it is not clear what federal statutory or constitutional right plaintiff believes defendants have violated in this case. However, insofar as plaintiff seeks to bring an action under the Health Insurance Portability and Accountability Act ("HIPAA"), there is no private right of action under HIPAA. United States v. Streich, 560 F.3d 926 (9th Cir. 2009).

Moreover, insofar as plaintiff seeks to bring an action based on a constitutional right to informational privacy, he waived any right to privacy he had in his medical records by putting his medical condition at issue in his excessive force lawsuit. See, e.g., Heilman v. Vojkufka, No. CIV S-08-2788 KJM EFB, 2011 WL 677877 at *2 (E.D. Cal. Feb. 17, 2011) (prisoner waives any constitutional right of privacy in his medical records when he places his medical condition at issue in a lawsuit); Frye v. Ayers, No. CIV S-99-0628 LKK KJM, 2009 WL 1312924 at *2 (E.D. Cal. May 12, 2009) (citing Barnes v. Glennon, No. 9:05-CV-0153 (LEK/RFT), 2006 WL 2811821 at *4 (N.D.N.Y. Sept. 28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff in his *habeas corpus* petition."); Woods v. Goord, No. 01 CIV. 3255 (SAS), 2002 WL 731691 at *11 (S.D.N.Y. Apr. 23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials."); Ferrell v. Glen-Gery Brick, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987) ("[W]hen a party places his or her physical or mental condition in issue, the privacy right is waived")). See also Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010) (prisoners "do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them."); Cal. Code. Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general….").

/////

4

Finally, plaintiff may not assert a damages claim against Attorney Delgado for conduct related to his litigation duties because he is entitled to absolute immunity for conduct that takes place during the performance of his official duties.  <u>Bly-Magee v. State of California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001).  <u>See</u> <u>also</u> <u>Fry v. Melargno</u>, 939 F.2d 832, 936 (9th Cir. 1991) ("If the government attorney is performing acts intimately associated with the judicial phase' of the litigation, that attorney is entitled to absolute immunity from damage liability.") (internal quotations omitted).  In this case, plaintiff has not alleged that Attorney Delgado's actions were unrelated to or outside of his official duties.

In sum, for all of the foregoing reasons, the court will dismiss plaintiff's complaint for failure to state a cognizable claim for relief.  In addition, where, as here, it is clear that the complaint suffers from pleading deficiencies that plaintiff cannot cure by amendment, the court finds that dismissal of plaintiff's complaint without leave to amend is appropriate.  <u>See</u> <u>Chaset v. Fleer/Skybox Int'l</u>, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is denied; and

2.  Plaintiff's complaint is dismissed for failure to state a cognizable claim for relief.

DATED: March 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5